FILED

14 MAR 17 AM 9:16

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN W. MCALISTER and JEANNIE E. MCALISTER, <br><br> Plaintiffs, <br><br> vs. <br><br> BASELINE FINANCIAL SERVICES, INC. and THE LAW OFFICE OF PAUL R. KRAFT, <br><br> Defendants. | CASE NO. 13-CV-1412 BEN (NLS) <br><br> **ORDER DENYING MOTION TO DISMISS UNDER RULE 12(B)(6), AND IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT UNDER RULE 56** <br><br> [Docket No. 10] |

Presently before the Court is Defendant Baseline Financial Services, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, on Plaintiffs' First Amended Complaint. (Docket No. 10.) For the reasons stated below, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Brian W. McAlister and Jeannie E. McAlister incurred financial obligations to Defendant Baseline Financial Services, Inc. at some time before August 17, 2012. (FAC ¶ 20.) Plaintiffs allegedly fell behind in making payments owed on the debt, and the debt was assigned to Defendant The Law Office of Paul R. Kraft for collection on behalf of Baseline. (*Id.* ¶¶ 22-23.) On August 17, 2012, Fred Watkins, Baseline's president, contacted Ms. McAlister by telephone. (*Id.* ¶ 24.)

On October 12, 2012, Defendants filed suit in the El Centro Superior Court in an attempt to collect the alleged debt ("Collection Action").[1] (*Id.* ¶ 32.) Plaintiffs allege that they "did not reside in [the] jurisdiction in which the lawsuit was filed in at the time the lawsuit was filed, and further, did not enter in the alleged contract with Defendants while present in El Centro, and did not incur any portion of the alleged debt while present in El Centro." (*Id.* ¶ 33.)

Plaintiffs initiated this action on June 17, 2013. The First Amended Complaint (the operative complaint) alleges two claims against both defendants: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; and (2) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32.

Presently before the Court is Baseline's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56, on Plaintiffs' First Amended Complaint.

## DISCUSSION

Baseline moves to dismiss Plaintiffs' claims under Rule 12(b)(6). Baseline moves in the alternative for summary judgment pursuant to Rule 56. The Court will first address Baseline's motion under Rule 12(b)(6), and next address Baseline's motion under Rule 56.

### I.   MOTION TO DISMISS

Under Rule 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under

---

[1] Baseline's Request for Judicial Notice (Docket No. 10-4) is **GRANTED**. *See* FED. R. EVID. 201(b); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

When deciding a motion to dismiss made under Rule 12(b)(6), a court generally may consider only matters stated in or incorporated into the complaint, matters of public record, and documents upon which the complaint relies. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). If a court does consider evidence outside the pleading, the motion must be converted into a motion for summary judgment. *Inlandboatmens Union of the Pac. v. Dutra Grp.*, 279 F.3d 1075, 1083 (9th Cir. 2002).

Baseline moves to dismiss all claims in the First Amended Complaint. Each claim will be addressed in turn.

### A. Disclosures Required Under 15 U.S.C. § 1692g(a)

The First Amended Complaint alleges that Baseline violated both the FDCPA and Rosenthal Act by failing to provide written notification containing the five disclosures required by 15 U.S.C. § 1692g(a) within five days of its initial communication with Plaintiffs. (FAC ¶¶ 25-31.) According to the First Amended Complaint, the initial communication between Baseline and Plaintiffs was a telephone conversation between Baseline's president, Fred Watkins, and Ms. McAlister, that occurred on August 17, 2012. (*Id.* ¶ 24.)

Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is

> disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

These portions of the FDCPA are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17.

Baseline argues that its first contact with Plaintiffs was a collection letter sent to Plaintiffs at 3352 Palm Drive, El Centro, California 92243 on July 18, 2012. Baseline argues that it provided all of the information required by § 1692g(a) in the July 18 collection letter. The July 18 collection letter, however, is not referenced in the First Amended Complaint, nor is it a matter of public record or a document upon which the First Amended Complaint relies. Accordingly, this Court may not consider the July 18 collection letter while deciding the motion to dismiss. If the Court were to consider this letter, the motion must be converted into a motion for summary judgment.

### B.    Filing of Collection Action in Imperial County

The First Amended Complaint alleges that the Collection Action was filed in El Centro Superior Court. (FAC ¶ 32.) According to the First Amended Complaint, "Plaintiffs did not reside in [the] jurisdiction in which the lawsuit was filed in at the time the lawsuit was filed, and further, did not enter in the alleged contract with Defendants while present in El Centro, and did not incur any portion of the alleged debt while present in El Centro." (*Id.* ¶ 33.) Plaintiffs allege that Baseline violated both 15 U.S.C. § 1692i and California Civil Code § 1788.17 by filing suit in an improper venue. (*Id.* ¶¶ 33-37.)

Under both the FDCPA and the Rosenthal Act, a debt collector can be liable for filing a collection action in a county where the debtor did not reside at the time the suit was filed, nor where the contract was entered into or the debt incurred. 15 U.S.C. § 1692i; CAL. CIV. CODE § 1788.17. The Collection Action was filed in Imperial County. The parties do not dispute that the contract for the loan was entered into in

San Diego County, and the debt was incurred in San Diego County.

Baseline offers three alternative arguments in support of its motion to dismiss this claim. First, Baseline argues that Plaintiffs resided in Imperial County at the time the complaint in the Collection Action was filed. In support of its argument, Baseline submits declarations by both Paul Kraft and Fred Watkins, which outline the reasons Baseline had for believing that Plaintiffs resided in Imperial County. Second, Baseline argues that it attempted to cure the potential violation within 15 days of learning of it, and therefore Baseline is protected from liability under the safe harbor provision created by the Rosenthal Act, California Civil Code § 1788.30(d). In support of this argument, Baseline points to Watkins' and Kraft's Declarations, in which they testify that Kraft sent a letter to Plaintiffs on August 12, 2013 offering to stipulate to transfer the action to San Diego County. Third, Baseline argues that the filing of the complaint in a county in which Plaintiffs did not reside was a bona fide error under California Civil Code § 1788.30(e) and 15 U.S.C. § 1692k(c). Baseline points to Watkins' and Kraft's Declarations, which purport to show that the alleged violation was unintentional and that Baseline's procedures were reasonably adapted to avoid such an error.

The information contained in Kraft's and Watkins' Declarations, however, is not referenced in the First Amended Complaint, nor are the declarations a matter of public record or a document upon which the First Amended Complaint relies. Accordingly, this Court may not consider these declarations while deciding the motion to dismiss. If the Court were to consider these declarations, the motion must be converted into a motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Specifically, when a motion to dismiss is converted into a motion for summary judgment, "the non-moving party must be allowed to conduct discovery in order to oppose that motion." *Inlandboatmens Union of the Pac.*, 279 F.3d at 1083.

Here, Plaintiffs argue that they "cannot present certain facts essential to justify Plaintiff's opposition to Defendant's motion for summary judgment in this matter without conducting significant discovery in this matter." (Connolly Decl. ¶ 4.) In support of this argument, they submit Crosby S. Connolly's Declaration, which outlines sixteen pieces of information that Plaintiffs hope to investigate if granted the opportunity to conduct discovery.

Baseline argues that Plaintiffs do not need to conduct discovery because the information they need to oppose a motion for summary judgment is in Plaintiffs' possession. Much of the information outlined in Connolly's Declaration, however, concerns Baseline's actions. It appears that Plaintiffs may need to conduct additional discovery on these matters to oppose a motion for summary judgment.[2] Accordingly, this Court declines to convert Baseline's motion to dismiss into a summary judgment motion.

## CONCLUSION

For the reasons stated above, Baseline's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the Alternative, for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 is **DENIED**.

**IT IS SO ORDERED.**

Dated: March /3, 2014

HON. ROGER T. BENITEZ
United States District Judge

---

[2] This Order does not express a viewpoint on any discovery disputes that may later arise in this action.